IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO THOMPSON, | : | |
|     Plaintiff, | : | 1:14-cv-0923 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LT. ROBERT MARR, BRIAN CHAMBERS, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

**September 21, 2015**

Plaintiff, Roberto Thompson ("Thompson"), an inmate who, at all times relevant, was confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg), Pennsylvania, commenced this *Bivens*[1] action against Defendants Lt. Marr ("Marr") and Brian Chambers ("Chambers") alleging that due process violations occurred in connection with the investigation of an incident report and an August 7, 2012 disciplinary hearing. (Doc. 1). Presently pending is Defendants' motion (Doc. 12) to dismiss, or, in the alternative, for summary judgment. The motion is unopposed.[2] For the reasons set forth below, the motion

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] An order (Doc. 18) issued on August 19, 2015, directing Plaintiff to oppose Defendants' motion or the motion would be deemed unopposed. Plaintiff failed to oppose the motion.

to dismiss will be granted.

## I. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; FED. R. CIV. P. 8(a)(2).

## II. ALLEGATIONS OF THE COMPLAINT

Thompson alleges that on July 6, 2012, he received an incident report charging him with sending sexually inappropriate correspondence to Psychologist Danielle Mink ("Mink"). (Doc. 1, p. 2). He states that Mink violated the Federal Bureau of Prison's ("BOP") policy by failing to timely report the incident. (*Id.* at 3). He also alleges procedural irregularities stemming from the investigation conducted by the Defendant Marr. (*Id.* at 5). He avers that, when he appeared at his August 7, 2012 hearing, the Disciplinary Hearing Officer ("DHO"), Defendant Chambers, disregarded the procedural violations that were committed during the reporting and investigation of the incident. (*Id.*) He was found guilty and suffered a loss of good conduct time, certain privileges, and a "prolonged stay in the SMU." (*Id.*)

In response to questions concerning the exhaustion of administrative remedies, Thompson alleges that he filed a tort claim with the Northeast Regional Office and it was denied. (*Id.* at 2). He states "I submitted a tort claim to which the Northeast Regional denied as not actionable under the F.T.C.A., but did not disputed [sic] the facts presented. This is a contort (constitutional tort) actionable under 42 USC §§ 1983 [sic]." (*Id.* at 5). He seeks compensatory and punitive damages. (*Id.* at 3).

### III. DISCUSSION

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). Specifically, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the statute's language makes clear, the exhaustion of available administrative remedies prior to filing suit is mandatory. *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (quoting *Beeson v. Fishkill*

*Corr. Facility*, 28 F. Supp.2d 884, 894–95 (S.D.N.Y. 1998)). Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Small v. Camden County*, 728 F.3d. 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Woodford v. Ngo*, 548 U.S. 81, 90–92 (2006). It requires compliance with the prison's "deadlines and other critical procedural rules." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 211–212 (2007). "[F]ailure to satisfy the procedural rules of the [BOP's] administrative process constitutes a procedural default." *Moscato*, 98 F.3d at 760–761 *(citing Francis v. Rison*, 894 F.2d 353,355 & n. 2 (9th Cir. 1990); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir.1986)).

In general, the BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for

5

"review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a Request to the warden within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the warden's response may submit an appeal to the Regional Director of the BOP within 20 days of the date the warden signed the response. 28 C.F.R. § 542.15(a). The inmate may then appeal to the BOP's General Counsel within 30 days of the day the Regional Director signed the response. *Id.* Appeal to the General Counsel is the final administrative appeal. *Id.* If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Disciplinary Hearing Officer (DHO) appeals are submitted directly to the Regional Director. *See* 28 C.F.R. § 542.14(d)(2). Therefore, DHO appeals involve fewer levels of review in order to be considered "exhausted."

Defendants argue that "[w]hile Thompson attempted to comply with the exhaustion procedure for habeas petitions and successfully complied with the exhaustion procedure for tort claims, he has not filed any administrative remedies that are a prerequisite to this civil rights action and has therefore failed to exhaust."

(Doc. 13, p. 7). Specifically, on October 15, 2012, Thompson challenged the DHO's decision by filing an appeal with the Regional Director. (Doc. 14-1, p. 38). The appeal was denied by the Regional Office on November 14, 2012. (*Id.*) After the passage of almost three months, Thompson appealed the Regional Office's decision to the Central Office. (*Id.* at 39). The appeal was rejected as untimely on February 15, 2013. (*Id.*) Thompson was instructed to "[p]rovide staff memo on BOP letterhead stating reason untimely filing was not your fault. Our office has no record of you previously filing at this level." (*Id.*) He failed to provide the Central Office with the requested information. (Doc. 14, ¶ 45).

It is patently clear that Thompson failed to exhaust available administrative remedies with regard to the issues raised in his complaint. His request for administrative review of the disciplinary hearing was rejected as untimely and, despite being made aware of the reasons for the rejection, and advised of the steps that were necessary to cure the defect, he took no further action. Consequently, the complaint is subject to dismissal for failure to exhaust available administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion (Doc. 13) to dismiss will be granted.

A separate order will enter.